UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

October 19, 2018

MEMORANDUM TO COUNSEL RE:    Parvis Naffis, et al. v. ACS Education Services, et al.
Civil Action No. GLR-18-2738

Dear Counsel:

Pending before the Court is Plaintiff Parvis Naffis's Motion to Withdraw the Reference for Trial of the Adversary Proceeding (ECF No. 1). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will deny the Motion.

On December 9, 2014, Parvis Naffis and Vicky Naffis (collectively, "the Naffises") filed a Voluntary Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court"). (In re: Parvis Naffis & Vicky Naffis, Bankr. Pet. No. 14-28711, ECF No. 1). On February 19, 2015, Parvis filed an adversary proceeding against ACS Educational Solutions, LLC ("ACS"), seeking to discharge student loan debt in the bankruptcy proceedings (the "Adversary Proceeding").[1] (Naffis, et al. v. Xerox Educ. Servs., LLC, et al., Adversary Case No. 15-00078, ECF No. 1). Six days later, Parvis filed an Amended Complaint, amending ACS's name to Defendant Xerox Education Services, LLC ("XES"). (Adversary Case No. 15-00078, ECF No. 2).

On July 11, 2016, Parvis filed a Third Amended Complaint against XES, the United States Department of Education (the "USDE"), and Nelnet Loans ("Nelnet").[2] (Adversary Case No. 15-00078, ECF No. 38). In his Third Amended Complaint, Parvis alleges: Dischargeability in Debt against the USDE and Nelnet (Count I); Willful Violation of Automatic Stay against XES (Count II); Violation of the Fair Debt Collections Act against XES (Count III); and Violation of the Maryland Debt Collection Act against XES (Count IV). (3d Am. Compl. ¶¶ 1–36, Adversary Case No. 15-00078, ECF No. 38). On August 30, 2017, the Bankruptcy Court entered judgment in favor of Nelnet. (Adversary Case No. 15-00078, ECF No. 93). On October 2, 2017, the Bankruptcy Court entered judgment in favor the United States Department of Education. (Adversary Case No. 15-00078, ECF No. 97). Only the Counts against XES remain.

---

[1] The Court refers to Parvis Naffis by his first name to avoid confusion.

[2] The docket for the Adversary Proceeding contains no entry for a Second Amended Complaint. After the Bankruptcy Court granted Parvis leave to file an amended complaint, he filed a Third Amended Complaint. (Adversary Case No. 15-00078, ECF Nos. 31, 38)

On July 19, 2018, Parvis filed a Motion to Compel and for Sanctions for Defendant's Failure to Respond to Discovery and Request for an Emergency Hearing Thereon (Adversary Case No. 15-00078, ECF No. 137). After a hearing, the Bankruptcy Court denied Parvis's Motion on July 26, 2018. (July 26, 2018 Order, Adversary Case No. 15-00078, ECF No. 152). On August 14, 2018, XES filed a Motion for Summary Judgment. (Adversary Case No. 15-00078, ECF No. 166). The next day, Parvis filed a Motion to Withdraw the Reference for Trial of the Adversary Proceeding. (Adversary Case No. 15-00078, ECF No. 167). XES filed an Opposition on August 29, 2018. (Adversary Case No. 15-00078, ECF No. 173). On September 3, 2018, Parvis filed a Reply. (Adversary Case No. 15-00078, ECF No. 176).

In his Motion, Parvis argues that permissive withdrawal of the Adversary Proceeding to the District Court is warranted because resolution of the case requires consideration of both bankruptcy and other federal laws. Specifically, Parvis contends that Counts II through IV are non-core proceedings, and therefore, the Bankruptcy Court lacks the authority to enter final orders on these claims. XES counters that Parvis's Motion is untimely and Parvis has failed to show cause for withdrawal.[3] The Court agrees with XES.

A district court may withdraw a reference to the bankruptcy court under 28 U.S.C. § 157(d) (2018), which provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title [eleven] and other laws of the United States regulating organizations or activities affecting interstate commerce.

A motion to withdraw the reference is timely if it is made "as soon as possible after the moving party is aware of grounds for withdrawal of reference or at the first reasonable opportunity after the moving party is aware of grounds for withdrawal of reference." In re Appalachian Fuels, LLC, 472 B.R. 731, 736 (E.D.Ky. 2012) (quoting In re Black Diamond Mining Co., LLC, No. 10–84, 2010 WL 5173271, at *1 (E.D.Ky. Dec. 14, 2010)). "The timeliness requirement prevents parties from 'forum shopping, stalling, or otherwise engaging in obstructionist tactics.'" Id. (quoting In re Black Diamond Mining Co., LLC, 2010 WL 5173271, at *1); see also Laine v. Gross, 128 B.R. 588, 589 (D.Me. 1991) (denying defendants' motion to withdraw reference, which was filed after the court denied their motion to dismiss, because "[d]efendants did not act as soon as practicable . . . so as to protect the court and the parties in interest from useless costs and disarrangement of the calendar, and to prevent unnecessary delay" (alteration in original) (quoting In re Giorgio, 50 B.R. 327 (D.R.I. 1985))).

---

[3] XES argues that Parvis's Motion is untimely under both 28 U.S.C. § 157(d) (2018) and Local Rule 405.2(c). Because the Court will conclude that Parvis's Motion is untimely under § 157(d), the Court does not address XES's argument as to Local Rule 405.2(c).

With regard to permissive withdrawal, "the District Court has broad discretion in deciding whether reference should be withdrawn for cause shown." Farmer v. Macy's Inc., No. AP LSS-16-0350, 2017 WL 3493129, at *2 (D.Md. Aug. 14, 2017) (quoting In re Millennium Studios, Inc., 286 B.R. 300, 303 (D.Md. 2002)). Courts consider the following factors to determine whether cause exists: "(1) whether the matter at issue between the parties is 'core' within the meaning of Section 157(b)(2) of the Bankruptcy Code; (2) uniformity of bankruptcy administration; (3) forum shopping; (4) conservation of creditor and debtor resources; (5) expediency of the bankruptcy proceeding; (6) the likelihood of a jury trial." Jackson v. Nelson, No. ELH-17-654, 2017 WL 1040368, at *1 (D.Md. Mar. 16, 2017) (quoting Albert v. Site Mgmt., Inc., 506 B.R. 453, 455 (D.Md. 2014)). The burden is on the movant to show cause for permissive withdrawal of reference to bankruptcy court. Id. (quoting Albert, 506 B.R. at 455).

Here, Parvis has failed to make the necessary showing to withdraw his Bankruptcy Court case to the District Court for at least two reasons. First, Parvis moved to withdraw the Adversary Proceeding to this Court a full forty-one months after he voluntarily commenced the case in the Bankruptcy Court and nearly a year after the Bankruptcy Court entered judgment in favor of the USDE and Nelnet on his claims against them. When Parvis eventually filed his Motion, there were more than 170 docket entries in the case. Indeed, the Bankruptcy Court issued a Scheduling Order, dictating the discovery schedule and setting a trial date. (Adversary Case No. 15-00078, ECF No. 103). The parties engaged in discovery and filed pre-trial documents with the Bankruptcy Court. The Bankruptcy Court also held a hearing on Parvis's Motion to Compel. (Adversary Case No. 15-00078, ECF No. 151). Only after the Bankruptcy Court denied Parvis's Motion to Compel—also the day after XES filed its Motion for Summary Judgment—did he move to withdraw his case. It cannot be said, therefore, that Parvis moved to withdraw the reference "as soon as possible" or at the "first reasonable opportunity" after he was "aware of grounds for withdrawal of reference." In re Appalachian Fuels, 472 B.R. at 736 (quoting In re Black Diamond Mining, 2010 WL 5173271, at *1). Thus, the Court concludes that Parvis's Motion could be denied on timeliness grounds alone.[4]

Second, the factors for determining when cause exists weigh against withdrawing the reference of the Adversary Proceeding to the Bankruptcy Court. Parvis brings claims against XES under bankruptcy law, federal law, and state law—core and non-core proceedings. Given that the Adversary Proceeding has progressed to the point where XES is the only remaining Defendant, the parties have conducted discovery, XES's Motion for Summary Judgment is pending, and the parties were preparing for trial, withdrawing the reference would disrupt the Adversary Proceeding. In addition, the Bankruptcy Court is already familiar with the facts and procedural history of the case, which would make for a more expedient proceeding and conserve creditor and debtor resources. Moreover, Parvis's Motion, which he filed only after the Bankruptcy Court denied his Motion to Compel, appears to be an attempt to find a more favorable forum. The Court, therefore, concludes that discretionary withdrawal is not warranted.

---

[4] In his Reply, Parvis asserts that the Bankruptcy Court permitted him to file a motion for withdrawal of reference no later than August 15, 2018. Parvis only cites to the record generally; he does not direct the Court to a docket entry reflecting this deadline. The Court declines to sift through more than 170 docket entries to find the document and, in any event, the Bankruptcy Court's deadline for filing such a motion has no bearing on this Court's timeliness analysis.

For the foregoing reasons, Parvis's Motion to Withdraw the Reference for Trial of the Adversary Proceeding (ECF No. 1) is DENIED. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly and CLOSE this case.

                                            Very truly yours,

                                            /s/
                                        _____
                                        George L. Russell, III
                                        United States District Judge

CC: Clerk of the United States Bankruptcy Court for the District of Maryland